UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSARIO OCHS,

      Plaintiff,

v.                                                Case No. 16-10309
                                                 Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation. **[Doc. No. 13]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 14 and 15]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's: (a) finding that the ALJ's "erroneous" conclusion that Plaintiff worked 16 hours per week was harmless error; (b) determination that there was substantial evidence to support the ALJ's finding that Plaintiff worked 16 hours per week; and (c) finding that the ALJ did not err in failing to remand the matter to the Commissioner based on a consideration of additional evidence provided to the Appeals Council by Plaintiff.

With respect to the first two objections, Plaintiff argues that the ALJ's conclusion that Plaintiff worked 16 hours per week, rather than 16 hours per month, was erroneous and that it was not a harmless error. Plaintiff asserts that, because the number of hours worked by Plaintiff was the first item listed by the ALJ to support his finding that Plaintiff was not disabled, the number of hours worked was central to the ALJ's determination regarding disability.

The Court is not persuaded by Plaintiff's argument. First, as the Magistrate Judge noted, there is substantial evidence in the record to support a finding that Plaintiff worked 16 hours per week: (a) Plaintiff acknowledged working as an adult foster care aide (both during the relevant time period and long after the hearing date); (b) Dr. Prakash's reports stated that Plaintiff worked 16 hours per week; and (c) Plaintiff's earnings records showed that she worked at least 41 hours per month between February 2012 and November 2013, not the 16 hours per month claimed by Plaintiff or the 24 hours per month that would result from working 6 hours per week, as Plaintiff testified. Although Plaintiff accurately notes the presence of conflicting evidence, that conflicting evidence does not obviate the fact that there was substantial evidence to support the ALJ's finding.

Second, the Court concludes that Plaintiff has not demonstrated that, even if the ALJ's finding regarding the number of hours worked by Plaintiff was erroneous and was not considered, the ALJ would have concluded that Plaintiff was disabled. The ALJ's decision cited the nature of the work Plaintiff performed (including driving, dusting, doing dishes and laundry, picking up medications, going to the store, and wiping down toilets), Plaintiff's continued smoking despite instructions to quit, the absence of opinions by medical professionals that supported a finding of disability, and the tasks Plaintiff could perform in her personal life. The Court

finds that those other factors constituted substantial (and sufficient) evidence to support a finding that Plaintiff was not disabled.

In her third objection, Plaintiff contends that she is entitled to a sentence six remand because the Appeals Council failed to consider evidence of her treatment after June 30, 2014. A "district court can . . . can remand the case for further administrative proceedings [pursuant to sentence six] in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Evidence is deemed material "if there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006).

In this case, the evidence at issue consists of approximately 80 pages of medical records Plaintiff provided to the Appeals Council that was not available to the ALJ. Plaintiff asserts that the Appeals Council did not adequately consider those medical records, but she does not specify how these medical records are material or how the contents of them would dictate a different disposition of her disability claim. Like the Magistrate Judge, the Court finds that Plaintiff has not shown that the new evidence bears on her health prior to her date last insured (June

30, 2014), and substantial evidence supports the ALJ's finding that Plaintiff was not disabled.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Anthony P. Patti **[Doc. No. 13, filed December 8, 2016]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 14, filed December 21, 2016]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 10, filed May 12, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 11, filed June 6, 2016]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
DATED: January 17, 2017               United States Chief District Judge

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF Systems to their respective email or First Class U.S. Mail addresses disclosed on the Notice of Electronic Filing on January 17, 2017.

                                                s/Teresa McGovern
                                                Case Manager Generalist